Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4495**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN LOCKLEAR,

Defendant - Appellant.

_____

**No. 03-4505**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN LOCKLEAR,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, District Judge. (CR-02-126)

_____

Submitted: April 23, 2004          Decided: May 7, 2004

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

No. 03-4495, dismissed, and No. 03-4505, affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 03-4505, Melvin Locklear appeals from the judgment of the district court convicting him of one count of conspiracy to distribute cocaine base and two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and sentencing him to 235 months imprisonment. Finding no error, we affirm.

Locklear claims that the district court erred by refusing to apply a two-level downward adjustment to his offense level based on his alleged minor role in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2 (b) (2002). We review a district court's determination regarding a defendant's role in the offense for clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). Our review of the record does not support Locklear's claim. Locklear's cousin, the head of the drug operation, directed an undercover agent to Locklear on two occasions to facilitate illegal narcotics transactions. Locklear advised the agent that he was the one to do business with. Moreover, Locklear demonstrated the ability to cook large quantities of cocaine into crack cocaine and did so for the agent. Finally, Locklear's cousin indicated that Locklear had access to the narcotics and was responsible for conducting business in his absence. Given this evidence, it was not clear error for the district court to overrule Locklear's objection to the presentence investigation report.

We affirm the judgment of the district court with respect to No. 03-4505. Because Locklear consents to the Government's

motion to dismiss No. 03-4495, we dismiss that appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 03-4495, <u>DISMISSED</u>;
No. 03-4505, <u>AFFIRMED</u>
